**This order is SIGNED.**

**Dated: December 12, 2019**



KEVIN R. ANDERSON
U.S. Bankruptcy Judge

T. Edward Cundick, Esq. (#10451), tec@clydesnow.com
**CLYDE SNOW & SESSIONS**
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, UT 84111
Telephone: (801) 322-2516
Fax: (801) 521-6280

Attorneys for Elevated Analytics Holdings, LLC

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH
### Central Division

| In re: | Bankruptcy No. 19-20541 |
|---|---|
| **ELEVATED ANALYTICS HOLDINGS, LLC** | (Chapter 11) |
| | Honorable Kevin R. Anderson |
| Debtor. | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

On December 9, 2019, the Court held a hearing to consider final approval of the Elevated Analytics Holdings, LLC's (**"EvAH"** or the **"Debtor"**) Disclosure Statement for First Amended Chapter 11 Plan dated November 5, 2019 (docket no. 95, the **"Disclosure Statement"**) and confirmation of the Debtor's First Amended Chapter 11 Plan dated November 5, 2019 (docket no. 96, the **"Plan"**). T. Edward Cundick appeared

1

at the hearing on behalf of the Debtor; Peter J. Kuhn appeared on behalf of the United States Trustee.

The Court considered the Plan, the Disclosure Statement for which the Court previously gave its conditional approval (by order dated November 5, 2019, docket no. 97), the Report of Balloting (docket no. 105), the testimony of witnesses, the representations of counsel made at the hearing, and the facts and circumstances of the case. The Court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. EvAH is the limited liability company debtor and debtor-in-possession in the above-referenced case, having filed a voluntary petition on January 30, 2019.

2. The Court fixed December 4, 2019 at 5:00 p.m. MST as the deadline to timely return ballots to EvAH's counsel, pursuant to Fed. R. Bankr. P. 3017(c) and 3018(a).

3. The Court fixed December 6, 2019 at 5:00 p.m. MST as the deadline to object to the Plan or to oppose final approval of the Disclosure Statement, pursuant to Fed. R. Bankr. P. 3017.1(c) and 3020(b).

4. No timely-filed objections to confirmation were filed by any party.

5. Bankruptcy Code § 1129 contains the standards for confirmation of a plan under Chapter 11.

6. Section 1129(a)(1) requires a plan to comply with the applicable provisions of Title 11. Sections 1122 and 1123 govern proper classification of claims and interests,

and other elements either required or permitted in confirmable plans. The plan complies with the applicable provisions of Title 11, as required by § 1129(a)(1), for reasons including the following:

- a. In designating classes P1, P2, S1, U1 through U5, and E1 in Article 3 of the Plan, EvAH has properly classified claims under §§ 1122 and 1123(a)(1).

- b. All classes are impaired under the Plan; the Plan therefore complies with the requirement in § 1123(a)(2) that a plan specify any classes not impaired under the plan.

- c. The Plan and Disclosure Statement properly note that classes U4 and U5 are respectively convenience and opt-in classes, and such classes have no members as of the date of confirmation; therefore, no ballots were solicited or received for these classes.

- d. The Plan properly specifies, in Article 3, treatment of impaired classes under § 1123(a)(3).

- e. The Plan complies with § 1123(a)(4), by providing for consistent treatment of similarly classified claims; claimants in the P2, U1, U2, and U3 classes have the option to convert their claims to equity, and that option shall continue until 90 days following the Effective Date (as set forth in the Plan), while those exercising such election are agreeing to less-favorable treatment than their peers, consistent with the requirement of § 1123(a)(4).

 f. The Plan mistakenly fails to classify claim number 2 filed by the Texas Comptroller of Accounts (**"Texas"**), in the estimated amount of $1,000.00. Because (i) this claim is de minimis, and subject to treatment under the U4 convenience class, which would allow for payment in full within 90 days; (ii) Texas was given notice of the Plan and did not object to it; (iii) the claim is a contingent claim for which any material liability is unlikely under Texas law; (iv) Joseph Smith and Patrick Keegan have agreed to personally pay the claim as ultimately determined or agreed within 90 days of the Effective Date; and (iv) the Debtor has committed to either (a) object to the claim, (b) give notice of any other resolution of the claim in any amount less than $4,500.00 within 90 days of the Effective Date, or (c) seek modification of the Plan within 90 days of the Effective Date, if the claim cannot be resolved for less than $4,500.00; the Court finds that this technical oversight is not fatal to confirmation in this case.

 g. The Plan complies with § 1123(a)(5), by providing in Article 6 of the Plan for adequate means of the Plan's implementation.

 h. The Plan complies with § 1123(a)(6), by including within the Plan, at Article 10.5, a provision that compels EvAH to amend its charter to prohibit EvAH from issuing nonvoting equity securities and provides for an appropriate distribution of voting power among all equity-holders. A proposed form of

{01618190-1 }

        the Restated LLC Agreement documenting this protection was filed at docket no. 109, and is subject to final approval by all members and additional input from likely future members.

    i.    The Plan contains only provisions that are consistent with the interests of creditors and equity security holders, and with public policy, with respect to the manner of selection of officers and directors and their successors, and therefore complies with § 1123(a)(7).

7.    Section 1129(a)(2) requires the proponent of a plan to comply with all applicable provisions of Title 11. The Plan complies with § 1129(a)(2) for reasons including the following:

    a.    EvAH sought and received preliminary court approval of the Disclosure Statement supporting the Plan, by order entered November 5, 2019, as required by § 1125, and permitted under Fed. R. Bankr. P. 3017.1.

    b.    The Plan, Disclosure Statement, and ballots were adequately served by EvAH on creditors, interest holders, and parties in interest on November 5, 2019, in compliance with the Court's order and the Federal and Local Rules of Bankruptcy Procedure.

    c.    EvAH did nothing to solicit votes in favor of the Plan without first providing creditors with a copy of the Plan and approved disclosure statement.

8. Section 1129(a)(3) requires that a plan be proposed in good faith and not by any means forbidden by law. The Plan complies with § 1129(a)(3) for reasons including the following:

    a. EvAH has undertaken this bankruptcy case for the purpose of effecting a reorganization.

    b. EvAH desires to reorganize in order to continue operating the company for the benefit of unsecured creditors, employees, interest-holders, and other stake-holders.

    c. EvAH has proposed this plan in good faith.

9. Section 1129(a)(4) requires that all payments made by debtors or their related entities for services or costs in connection with the case be approved by the Court. The Plan complies with the requirements of § 1129(a)(4) because all payments made by EvAH or its insiders for services or costs in connection with the case have been, or will be, approved by the Court as reasonable.

10. Section 1129(a)(5) requires disclosure of the identity and affiliations of any individuals proposed to serve as offices or directors of the reorganized debtor, and their salaries if they are insiders. The Plan complies with the requirements of § 1129(a)(5) for reasons including the following:

    a. The Disclosure Statement, on page 9, notes the identity and salaries of insiders continuing as directors and officers of EvAH.

  b. Paragraph 6.2 of the Plan, and Exhibit B to the Plan, identify the stockholders of the reorganized debtor including Joseph Smith, Patrick Keegan, George Singer, Phil Burks, and such other individuals as may elect to convert claims to equity.

  c. Patrick Keegan testified that he, Joseph Smith, and George Singer will continue as officers and/or directors of the reorganized debtor.

11. Section 1129(a)(6) is inapplicable in this case because EvAH's rates are not regulated by any governmental regulatory commission.

12. Section 1129(a)(7) requires that holders of claims receive at least as much as they would receive in a Chapter 7 liquidation. The Plan complies with §1129(a)(7) because each holder of a claim or interest in EvAH will receive under the Plan, on account of such claim or interest, property of a value, as of the effective date of the Plan, that is not less than the amount such holder would receive if EvAH were presently liquidated under Chapter 7 of Title 11.

13. Section 1129(a)(8) requires a plan proponent to either obtain acceptances from a certain ratio of the votes submitted in each impaired class, or meet the additional requirements contained in §1129(b). EvAH's Plan complies with the requirements of §1129(b) for reasons including the following:

  a. EvAH has classified its creditors into the following classes, each of which is an impaired class under the plan: P1, P2, S1, U1, U2, U3, U4, U5, and E1.

  b.  No ballots rejecting the Plan were received from any voters, though as the E1 interest-holders are receiving nothing on account of their membership interests, they are deemed to have rejected the Plan.

  c.  No ballots either in favor of or rejecting the Plan were received from the members of the P1 and S1 classes.

  d.  The Plan does not discriminate unfairly against any of the E1 class members, and is fair and equitable as to those members, because they are the junior-most class claiming any interest in the prepetition Debtor, and all equity in the reorganized Debtor is being issued to those creditors waiving claims senior to the interests of the E1 class members.

  e.  No interests in the Reorganized Debtor are being issued on account of any interests junior to the interests held by the E1 class members.

14. Section 1129(a)(9) requires that certain administrative and priority claims be paid in full on the effective date of a plan, or within 5 years of the effective date. The Plan provides for full payment of most administrative expenses on or before the Effective Date, and all remaining administrative expense claimants have agreed to alternative treatment. All priority claims classes have voted or are deemed to have voted in favor of the Plan. The Plan therefore complies with § 1129(a)(9).

{01618190-1 }

15. Section 1129(a)(10) requires that at least one impaired class accept the plan. As stated above, all impaired classes, with the exception of the E1 Class, have accepted the Plan, in satisfaction of the requirement of § 1129(a)(10).

16. Section 1129(a)(11) prohibits confirmation of a plan that is likely to lead to a liquidation or further reorganization. The Plan satisfies the requirements of § 1129(a)(11) because Patrick Keegan testified, and the Court finds, that the plan is feasible based on the likely income and expenses of EvAH over the term of the Plan.

17. Section 1129(a)(12) requires payment of all filing fees set forth in 28 U.S.C. § 1930 prior to confirmation. EvAH has paid all filing fees due in this case.

18. Section 1129(a)(13) requires certain plan treatment for all retiree benefit obligations of the debtor. EvAH has no retiree benefit obligations, either that arose prepetition or that arise under the Plan, and therefore § 1129(a)(13) does not bar confirmation of the EvAH Plan.

19. Section 1129(a)(14) requires certain treatment of domestic support obligations. EvAH is not liable for any domestic support obligations, and therefore § 1129(a)(14) does not bar confirmation of the EvAH Plan.

20. Section 1129(a)(15) pertains only to individual debtors. EvAH is a corporate debtor, and therefore not subject to the requirements of § 1129(a)(15).

21. Section 1129(a)(16) requires that all transfers of property under the plan be made in accordance with applicable non-bankruptcy law. All transfers of property under

the EvAH Plan shall be so made, and therefore the EvAH Plan complies with the requirements of § 1129(a)(16).

## Conclusions of Law

1.  To the extent any of the above-stated facts are determined to be conclusions of law, they are incorporated as such; to the extent any of the below-stated conclusions are determined to be statements of fact, they are incorporated as such.

2.  This Court has jurisdiction to consider confirmation of the Plan (which is a core proceeding) pursuant to 28 U.S.C. §157 and 1334.

3.  Notice of the hearing on final approval of the Disclosure Statement and confirmation of the Plan was proper and appropriate, as was notice of the deadlines to submit ballots or oppose confirmation of the Plan.

4.  As to the classes wherein no creditors voted (P1 and S1), the creditors silence is deemed acceptance of the Plan. *In re Ruti-Sweetwater, Inc.*, 836 F.2d 1263, 1267-68 (10th Cir. 1988) ("[Because the entire class of creditors] did not object to the Plan at any time prior to its confirmation and because [the entire class of creditors] unilaterally opted not to vote on the confirmation of the Plan, the bankruptcy court did not err in presuming their acceptance of the Plan…").

5.  Under § 1126(c) of the Bankruptcy Code, an impaired class is deemed to have accepted the Plan if class members holding at least two-thirds in amount and one-half

in number of those voting vote in favor of the Plan. The votes of the P2, U1, U2 and U3 classes are sufficient to deem each such class to have accepted the Plan.

6. Hence, all voting classes under the Plan have accepted the Plan.

7. Based upon the above-stated findings of fact, the Plan complies with all the provisions of § 1129 and other Bankruptcy Code provisions incorporated thereunder.

Wherefore, the requirements for confirmation of the Plan are met, and an appropriate order will be entered confirming the Plan.

---

**-END OF DOCUMENT-**